**UNITED STATES of America, Plaintiff,**

**v.**

**Ifiok John EQUERE, Defendant.**

**No. 93–349–4.**

United States District Court,
E.D. Pennsylvania.

Feb. 6, 1996.

---

Roland B. Jarvis, Asst. U.S. Atty., for Plaintiff.

John L. Heking, Norristown, PA, for Defendant.

### *MEMORANDUM AND ORDER*

ANITA B. BRODY, District Judge.

Before me is an Application for Return of Cash Bail, filed by Uko J. Equere ("Petitioner"), the brother of the defendant, Ifiok J. Equere. Petitioner posted cash bail in the amount of $2500 on behalf of his brother on September 10, 1993,[1] in order to secure his brother's appearance in court for a criminal

---

1. The government does not dispute this fact. For example, during the hearing, the AUSA Tim Susanin stated "We believe it is the brother's mon-

ey. In other words, the brother put up the $2500 bail money." *See* Transcript of Hearing, January 24, 1996, at 3 [Transcript].

matter. Despite the fact that his brother did appear in court,[2] and has since been sentenced,[3] served his sentence and been released from custody, the Petitioner's bail money has not been returned. Petitioner filed this Application for Return of Cash Bail on November 9, 1995, and the government filed a response in opposition. I held a hearing on this matter on January 24, 1996. For the following reasons, I will approve the Petitioner's application.

## I. 28 U.S.C. § 2044

In its papers, the government claims that the defendant has not paid any portion of his $5000 fine, and that therefore the government is under no obligation to return Petitioner's bail money. *See* Government's Response to Order to Show Cause at 1–2. As authority for its position, the government cites 28 U.S.C. § 2044 which states:

> On motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant ... This section shall not apply to any third party surety.

■ The purpose of this statute is to enable the government to collect certain outstanding payments owed by a defendant. "Section 2044 codifies the discretion courts have long exercised, to pay, on a proper motion, bond or bail money to the parties with a legally established superior claim to it ... It is a simple procedural mechanism by which the government, after the purposes of bail have been served, may make a motion as a judgment creditor that the court order the bond fund be delivered to it". *United States v. Higgins*, 987 F.2d 543, 546 n. 3, 547 (8th Cir.1993). According to the statute, a court does not have to grant a request to transfer bail funds; rather, the statute gives a court complete discretion in deciding such a matter.

## A. Plain Meaning of Statute Does Not Support Government's Claim

■ Section 2044 grants courts authority to transfer bail funds if a defendant's own money has been used to post bond. The statute, however, does not extend such authority to a situation like the present case, in which a third party, not the defendant, has provided his own money to post defendant's bail. The statute states that "the court shall order *any money belonging to* and deposited by or on behalf of the defendant" be applied to the payment of any fine or penalty. 28 U.S.C. § 2044 (emphasis added). This language delineates the strict parameters of the statute, specifically preventing the government from using the statute as authority in cases such as the present one.

Any other interpretation of the statute is unworkable. For example, the government may be under the false impression that the statute applies *either* to (1) money belonging to and deposited by defendant *or* to (2) money owned by a third party and deposited on behalf of a defendant. However, the wording of the statute precludes this possibility: if the phrase "the court shall order any money belonging to and deposited by or on behalf of the defendant" is read according to the second interpretation, it would be missing an operative word (such as "deposited") and would not make sense: "the court shall order any money ... on behalf of defendant".

■ The legislative history does not shed light on the interpretation of this phrase. I must assume, however, that Congress did not intend to enact a nonsensical statute. Furthermore, I cannot assume that Congress intended the second interpretation, but sloppy draftsmanship caused the omission of an operative word. I therefore have interpreted the statute according to its plain, logical and practical meaning: it applies only to "money belonging to" the defendant, which has been "deposited by" the defendant or "on behalf of the defendant", and does *not* apply to money owned by a third party.

---

**2.** On November 29, 1993, the defendant pleaded guilty to one count of conspiracy to import heroin, in violation of 21 U.S.C. § 963.

**3.** On June 30, 1995, the defendant was sentenced to two months imprisonment, five years supervised release (with the first year in house arrest), a $5000 fine and a $50 assessment.

There is a disclaimer at the end of the statute which lends further support to this interpretation of the statute. It states, "[t]his section shall not apply to any third party surety", thus reinforcing the notion that money provided by a third party is not within the purview of the statute.

■ In the hearing, the government argued that the disclaimer applies only to a commercial organization acting as surety, and does not apply to a private individual. *See* Transcript at 4–5. However, there is no indication (in the statute itself or in the legislative history) that the broad language of the disclaimer should be narrowly defined, or that the disclaimer is limited to certain types of third parties or certain types of surety. As a result, the general, common meaning of the terms will be adopted, and under such interpretation, the disclaimer applies to all types of third party surety, including the situation here.[4]

### B. Caselaw Does Not Support Government's Position

The only case that the government cites as authority for its position is an Eighth Circuit case, *United States v. Higgins*, 987 F.2d 543 (8th Cir.1993), which focuses on two subjects that are not of concern here,[5] and does not mention the issue of a third party posting bail. Without any authority for its claim, the government is in no position to attempt to contradict the plain meaning of a federal statute which dictates that the government request be denied.

## II. POLICY CONSIDERATIONS

In addition to being persuaded by the plain meaning of the statute and the lack of caselaw on point, my decision here is also motivated by policy concerns.

■ If bail money belonging to third parties could regularly [6] be applied to certain debts of defendants, there would be clear incentives for defendants to avoid repaying debts, and clear disincentives for third parties to post bond. To avert such harms, the use of a third party's bail money should be limited to its core purpose—to secure a defendant's appearance in court.[7] Once such a purpose is satisfied, a third party's money should promptly be returned.

4. *See*, for example, Black's definition of "third party", which clearly includes the Petitioner: "One not a party to an agreement, a transaction, or an action but who may have rights therein". *Black's Law Dictionary* 1479 (6th ed. 1990). *See*, as another example, Black's definition of "surety", which does not distinguish between commercial surety and private individuals: "One who at the request of another, and for the purpose of securing to him a benefit, becomes responsible for the performance by the latter of some act in favor of a third person, or hypothecates property as security therefor ... A person who is primarily liable for payment of debt or performance of obligation of another ..." *Id.*, at 1441. Note that the definition's use of the terms "one" and "person" would indicate that the definition specifically intended to include money posted by an individual. Furthermore, Black's defines "surety company" in a completely separate entry. *See*, finally, Black's definition of "cash bail bond": "A sum of money, in the amount designated in an order fixing bail, posted by a defendant *or by another person on his behalf (surety)* with a court or other authorized public officer upon condition that such money will be forfeited if the defendant does not comply with the directions of a court requiring his attendance at the criminal action of proceeding involved ..." *Id.*, at 140 (emphasis added).

5. The two subjects are, first, whether § 2044 applies to bonds posted before the enactment of the statute, and secondly, whether § 2044 violates the Eighth Amendment's prohibition against excessive bail. The only relevance of *Higgins* to our case is the discussion in dicta about the purposes of § 2044. *See* infra part I.

6. I say "regularly", taking into account the fact that a court may exercise its discretion and decline a government's request.

7. As the legislative history of the Bail Reform Act of 1984 indicates, the sole purpose of establishing bail proceedings was to assure a defendant's appearance in court. Although other considerations motivated the 1984 reform of the bail legislation, securing a defendant's appearance continues to be a primary rationale for granting bail. *See* Senate Committee on the Judiciary, Comprehensive Crime Control Act of 1983, S.Rep. No. 98–225, 98th Congress, 1st Session (1983). (The other main rationale is to detain dangerous criminals in order to protect society—which is not an issue in this case). I note that the legislative history never identifies repayment of a defendant's debts as a rationale for bail.

## III. RESPONSE TO GOVERNMENT'S SUGGESTION

During the hearing, the government argued that the Petitioner's request to resolve this matter is "a bit premature" (since the defendant has until the year 2000 to pay off his debt) and that the resolution of this claim should be postponed until then. *See* Transcript at 6. I disagree with the government's position and decline to endorse its suggestion. The issue in this case—whether a third party's bail money can ever be applied towards a defendant's fine—is ripe for resolution now. Regardless of whether the defendant pays the fine by the year 2000 or not, Petitioner's money cannot be used towards the fine. Therefore, there is no reason to defer my ruling.

Furthermore, the Petitioner filed this application after waiting months for the return of his money,[8] and he deserves to have the matter given prompt attention and adequate consideration. The Petitioner has a right to his money, and this right must be acted upon now.

## IV. CONCLUSION

For the above reasons, I find that the bail money at issue here should be returned to Petitioner. I therefore order the following:

### ORDER

**AND NOW,** this 6th day of February, 1996, upon consideration of the Application for Return of Cash Bail filed by Uko J. Equere and the government's response, **IT IS ORDERED** that the United States government **RETURN** the bail money posted by Uko J. Equere in the amount of $2500 on behalf of Ifiok J. Equere ·**TO UKO J. EQUERE** forthwith.

---

8. While waiting for his money, Petitioner no doubt incurred additional costs, such as lost interest. Petitioner, however, does not raise the issue of interest, and I therefore find the issue beyond the scope of this opinion.